**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEREMY WILLIAMS, | : | |
| | : | Civil Action No. 12-0850(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DRUG ENFORCEMENT ADMINISTRATION, | : | |
| | : | |
| Defendant[s]. | : | |

APPEARANCES:

Jeremy Williams
F.C.I. Schuykill
P.O. Box 670
Minersville, PA 17954-0670
    Counsel for Plaintiff

Peter W. Gaeta, Esq.
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ  07102
    Counsel for Defendant

**HILLMAN**, District Judge

    This matter is presently before the Court pursuant to the submission of a Motion [15] to Dismiss by the Defendant Drug Enforcement Administration ("DEA").  This Court has advised the parties that it intends to convert the Motion, which was supported by evidence outside the pleadings, to a motion for

summary judgment and has allowed the parties to submit supplemental responses. This Court has considered the Motion and the various submissions of the parties and will decide the Motion on the briefs, pursuant to Federal Rule of Civil Procedure 78(b).

For the reasons state below, summary judgment will be granted.

## I.   BACKGROUND

This matter was originally opened to the Court by Plaintiff Jeremy Williams's submission of a "Motion" for return of forfeited property, which this Court construed as a civil complaint for equitable relief. Plaintiff contends that a 2006 BMW was seized from his residence on July 22, 2010, unlawfully, because no warrant was issued for its seizure. He further contends that the vehicle was not purchased with proceeds from drug transactions and that there was no probable cause to believe that the vehicle was used in the commission of any crime. Based on all of these circumstances, Plaintiff asserts that he is entitled to return of the forfeited vehicle.

The following facts are undisputed. The DEA seized the 2006 BMW from the indoor parking garage located in the complex where Plaintiff resided, on July 22, 2010, at the same time that

Plaintiff was arrested[1] on federal drug trafficking charges.[2] Thereafter, following an administrative investigation, the DEA initiated administrative forfeiture proceedings against the 2006 BMW, which had an appraised value of $18,750. On or about August 18, 2010, the DEA sent Plaintiff written notice of the forfeiture procedure, by certified mail, return receipt requested, at several addresses, including at his place of incarceration and to his attorney. The government received receipts indicating that all of these notices had been accepted and signed for.

In particular, with respect to the notice sent to Plaintiff at his place of incarceration, the return receipt was signed by Plaintiff and indicated a date of delivery of August 23, 2010. In addition, the DEA published notice of the seizure of the 2006 BMW in the Wall Street Journal on August 30, September 7, and September 13, 2010. Each mailed and published notice included information regarding the method of filing a claim to contest the forfeiture, which would have moved the forfeiture proceeding to federal court, including the filing deadline of September 22,

---

[1] Plaintiff was arrested pursuant to a warrant. There was no warrant, however, for seizure of the vehicle.

[2] Plaintiff has since been convicted of violating 21 U.S.C. § 846, conspiracy to distribute narcotics, and has been sentenced to a term of imprisonment of 120 months. See U.S. v. Williams, Crim. No. 10-0748 (S.D.N.Y.).

2010, (in the mailed notices), or, if the mailed notice was not received, of October 14, 2010, (in the published notices).  In addition, the notices contained information regarding the option of filing a petition for pardon, remission, or mitigation of the forfeiture within 30 days of receipt of the notice.  (Motion, Porzeinski Decl. Exs. 1-9.)  Plaintiff does not dispute that he received actual timely notice of the forfeiture proceeding.

On September 29, 2010, following a request by Plaintiff's counsel for an extension of time, the DEA received a petition for pardon of forfeiture from Plaintiff, through his counsel, of which the DEA acknowledged receipt.  The petition for pardon of forfeiture was signed by Plaintiff on September 27, 2010, and asserted that the vehicle had been purchased with insurance proceeds following an accident.  (Porzeinski Decl., Exs. 10, 11, 12, 13.)

On November 4, 2010, Petitioner having failed to file a claim to contest the forfeiture, the DEA administratively forfeited the 2006 BMW to the United States pursuant to 19 U.S.C. § 1609.  (Porzeinski Decl., Ex. 14.)  The DEA requested additional information regarding the petition for pardon and, on March 4, 2011, the DEA denied the petition for pardon of forfeiture.  The DEA found that Petitioner had failed to provide sufficient information to demonstrate that the vehicle was purchased with legitimate funds, or to demonstrate legitimate

employment or any means of support other than drug distribution proceeds, or to demonstrate what other vehicle he used to conduct his drug distribution activities.  The DEA sent notice to Plaintiff's counsel, by certified mail, return receipt requested, of the decision and of the option to file a request for reconsideration.  On March 21, 2011, an individual signing in the "Signature" block accepted delivery of the DEA's notice to Plaintiff's counsel.  No request for reconsideration was filed.  (Porzeinski Decl. Exs. 15, 16.)

    Almost a year later, on February 8, 2012, Plaintiff submitted to the DEA a "Motion for Return of Property Taken Unlawfully," which the DEA received on February 15, 2012.  The DEA responded with a letter to Plaintiff advising him that, to the extent he intended to submit a claim in response to the notice of seizure, the submission was untimely.  In addition, the DEA enclosed copies of all notices of seizure, with return receipt cards, sent to Plaintiff and his attorney.  (Porzeinski Decl., Exs. 17, 18, 19.)

    This Motion for return of property followed.  Plaintiff challenges the forfeiture of his vehicle on the grounds that it was seized unlawfully, without a warrant, and that there was no probable cause to believe that the vehicle was purchased with the proceeds of drug trafficking or that it was used in drug trafficking.

The DEA has moved to dismiss, or for summary judgment, on the grounds that this Court lacks jurisdiction to review the administrative proceeding and that, in any event, Plaintiff received timely notice of the administrative forfeiture proceeding and he received all the process due him in such a proceeding. In the alternative, the DEA contends that the seizure of the vehicle without a warrant was lawful.

## II. JURISDICTION

This Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), in that the Complaint challenges an administrative forfeiture pursuant to the Controlled Substances Act. See 21 U.S.C. § 881(a). In addition, this Court has jurisdiction to review an administrative forfeiture to determine whether it has met statutory and due process requirements. See Longenette v. Krusing, 322 F.3d 758, 760 n.3 (3d Cir. 2003).

## III. SUMMARY JUDGMENT

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

6

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56). Here, the material facts are not in dispute and this Court is presented solely with a question of law.

## IV.   DISCUSSION

The Controlled Substances Act, 21 U.S.C. § 801 et seq., authorizes the government to seize and forfeit any item of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and any conveyances used to facilitate the sale or distribution of controlled substances. See 21 U.S.C. § 881(a). Forfeiture proceedings arising out of such drug offenses are governed by the same statutory provisions, 19 U.S.C. § 1602 et seq., as apply to customs forfeitures. 21 U.S.C. § 881(d). If the value of seized property is less than $500,000, the DEA may proceed administratively. See 19 U.S.C. § 1607.

In any such administrative forfeiture proceeding, the government is required to notify any person with an interest in the property via certified mail and by advertising a notice of forfeiture in a local publication on three separate occasions. See 18 U.S.C. § 983(a); 19 U.S.C. § 1607(a). Any person seeking to challenge the validity of the seizure or forfeiture must file

7

a claim within certain specified deadlines, as set forth in the mailed and published notices, following which the matter automatically is forwarded to the courts for judicial forfeiture proceedings.  See 18 U.S.C. § 983; 19 U.S.C. §§ 1608, 1610; 19 C.F.R. § 162.47.  Alternatively a person claiming an interest in the property may file a petition for remission, also known as pardon, or for mitigation, in all of which the person admits the validity of the seizure, but requests relief from forfeiture due to mitigating circumstances.  See 19 U.S.C. § 1618; 28 C.F.R. § 9.5.

Where a petition for remission is filed, the forfeiture proceeding continues, subject to the discretion of the Attorney General or his designee to grant the petition.  The decision of the Attorney General with respect to a petition for remission is not subject to judicial review.  See U.S. v. Kravitz, 738 F.2d 102, 105 (3d Cir. 1984), cert. denied, 470 U.S. 1052 (1985), cited in Weller v. U.S. Drug Enforcement Administration, Civil No. 09-1370, 2010 WL 2103446, *3 (M.D. Pa. May 19, 2010).

Where no claim has been filed, an administrative forfeiture is effected by a declaration of forfeiture, which has "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States."  19 U.S.C. § 1609(b).

8

After forfeiture, a person who did not receive proper notice may file a motion to set aside the forfeiture, which is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(1), (e)(5).

As noted above, however, federal district courts retain jurisdiction to review administrative forfeitures for compliance with statutory and due process requirements, but may not review forfeiture or remission decisions on the merits. Thus, this Court cannot review Plaintiff's contentions that the forfeiture or remission decisions were erroneous because, for example, the vehicle was purchased with insurance proceeds and there was no probable cause to believe that the vehicle was used in drug trafficking transactions. The only challenge remaining for this Court's consideration, then, is the allegation that the initial warrantless seizure of the vehicle was unlawful, rendering the forfeiture proceeding improper.

Property subject to civil forfeiture generally must be seized pursuant to a warrant, unless, among other exceptions, there is probable cause to believe that the property is subject to forfeiture and the seizure is made pursuant to a lawful arrest or search. See 18 U.S.C. 981(b)(2); 21 U.S.C. § 881(b).[3]

---

[3] The DEA argues that the vehicle was seized lawfully pursuant to Plaintiff's arrest. Because of the Court's disposition of this

Assuming that the property was unlawfully seized, however, that fact does not entitle Plaintiff to relief.

To the contrary, it is well-established that "[a]n illegal seizure of property does not immunize it from forfeiture as long as the government can sustain the forfeiture claim with independent evidence." U.S. v. Pierre, 484 F.3d 75, 87 (1st Cir.) (citation omitted), cert. denied, 552 U.S. 915 (2007). See also U.S. v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012) (same), cert. denied, 133 S.Ct. 2401 (2013); U.S. v. Premises and Real Property at 4492 South Livonia Road, Livonia, New York, 889 F.2d 1258, 1265-66 (2d Cir. 1989) (collecting cases), cited in U.S. v. A Parcel of Land, Bldgs., Appurtenances and Improvements, Known as 92 Buena Vista Ave., Rumson, N.J., 937 F.2d 98, 101 (3d Cir. 1991), aff'd on other grounds, 507 U.S. 111 (1993). Cf. INS. v. Lopez-Mendoza, 468 U.S. 1032, 1039-40 (1984) (noting that, just as an unlawful arrest does not result in the suppression of the "body" of the defendant in a criminal proceeding, the unlawful seizure of property does not result in the suppression of that property in a forfeiture proceeding); One 1958 Plymouth Sedan v. Comm. of Pa., 380 U.S. 693 (1965) (holding that the exclusionary rule applies to limit the

---

claim on other grounds, however, it need not determine whether the initial seizure of the vehicle was lawful.

evidence which may be presented in forfeiture proceedings where there has been an unlawful seizure of property).  There is no suggestion here that the evidence relied upon in the administrative forfeiture proceeding violated the exclusionary rule.

There is no dispute that Plaintiff received timely notice of the administrative forfeiture proceeding, in which he participated by filing a petition for remission.  Plaintiff has failed to allege or establish any constitutional or statutory violation that would entitle him to relief from the administrative forfeiture decision.  See Cohen-Sanchez v. U.S. ex rel. Drug Enforcement Administration, Civil No. 11-6578, 2012 WL 1150760 (D.N.J. April 5, 2012).  Accordingly, this Court will grant the DEA's motion for summary judgment.[4]

---

[4] In his Supplemental Response (Docket Entry No. 21), dated August 10, 2014, Plaintiff seeks leave to amend the complaint to assert claims under 42 U.S.C. § 1983 (that unnamed white DEA agents deprived him of his BMW because he is African-American), under 42 U.S.C. § 1985 (that the DEA and its agents conspired to deprive him of his civil rights by taking his BMW without compensation), and under Rule 41(g) of the Federal Rules of Criminal Procedure.  Such amendment would be futile.  Section 1983 establishes a cause of action against state actors for violation of rights secured by the Constitution or laws of the United States.  Section 1983 does not apply to federal actors such as the DEA and its agents. See Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 58 (1988)).  With respect to the § 1985 claim, Plaintiff has alleged no facts suggesting a conspiracy.  A bare claim of "conspiracy" is not sufficient to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57 (2007).  In any event, these claims suffer from the same defect as the claim of

11

V.  CONCLUSION

For the reasons set forth above, the Motion for summary judgment will be granted.  Plaintiff's request for leave to amend the Complaint will be denied.

An appropriate order follows.


At Camden, New Jersey                    s/ Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:   September 10, 2014

---

unlawful seizure.  Plaintiff failed to file a claim to contest the forfeiture, of which he had notice.  He cannot now raise these equal protection claims.  Moreover, any attempt to assert new claims against previously-unnamed DEA agents pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), more than four years after the seizure of his vehicle, would be time-barred.  See Francis v. Miligan, 530 F.App'x 138 (3d Cir. 2013).  Finally, amendment to assert claims under Rule 41(g) would be meaningless.  After a criminal proceeding has concluded, a federal district court must treat a Rule 41(g) motion as a civil complaint, which this Court has already done.  See U.S. v. McGlory, 202 F.3d 664, 669-70 (3d Cir. 2000).